LEMUEL A. DODGE, JR., *vs.* BARSTOW STOVE COMPANY.

MARCH 23, 1917.

PRESENT:  Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)   Workmen's Compensation Act.   Decree.   Findings of Fact.*

A decree in a petition under the Workmen's Compensation Act (Pub. Laws, cap. 831) ordering that the petition "be and hereby is dismissed and denied, for failure of the petitioner to comply with the requirements of law, to enable him to maintain his petition, as appears by the testimony presented therein," is not in accordance with the provisions of Art. III, § 6, of the act which requires the justice hearing the cause to file a decision in writing on which a decree shall be entered, which decree "shall contain findings of fact."

*(2)   Workmen's Compensation Act.   Decree.   Findings of Fact.*

A petitioner under the Workmen's Compensation Act is entitled to such "findings of fact" in the decree as will clearly show in what respects, under the evidence, he has failed to sustain the burden of proof resting upon him, so that upon appeal, with the transcript of testimony and rulings, it will appear to the appellate court upon what grounds the action of the justice hearing the cause in entering the decree was based.

PETITION under Workmen's Compensation Act.   Heard on appeal of petitioner and sustained.

PER CURIAM.   This is a petition brought under the Workmen's Compensation Act (Pub. Laws, 1912, Chap. 831) for the recovery of compensation for personal inju-

ries claimed to have been sustained by the petitioner as an employee of the respondent by accident arising out of and in the course of his employment. The cause was heard by a justice of the Superior Court, and after the hearing said justice ordered the entry of a decree as follows: "In the above entitled cause, upon hearing oral evidence and testimony presented by the petitioner therein, it is Ordered, Adjudged and Decreed that the same be and hereby is dismissed and denied, for failure of the petitioner to comply with the requirements of law, to enable him to maintain his petition, as appears by the testimony presented therein.

"Entered as the decree of Court, this 24th day of June, A. D. 1916.

"By order
"FRANK F. MASON,
"Asst. Clerk."

Within ten days after the entry of the above decree the petitioner filed his appeal in form following:

"PETITIONER'S APPEAL

"Lemuel A. Dodge, Jr., the petitioner in said cause, being aggrieved by the final decree of the Superior Court, entered on the 24th day of June, A. D., 1916, hereby appeals from the said decree and decision of the Superior Court and herewith files his reasons of appeal as follows:

"FIRST: That said decision of said Superior Court was adverse to the petitioner and dismissed his petition and that the Justice of said Superior Court who tried and heard said petition and decided the same did not file any decision in writing with the Clerk of said Superior Court.

"SECOND: And did not make a finding upon any of the issues raised in said case by the petition of the petitioner and the answer of the respondent.

" THIRD: That said decree in said cause does not make any finding as to what requirements of the statute were omitted by the petitioner or in what particular he failed to comply with the necessary conditions precedent to entitle him to bring the said petition.

" WHEREFORE he appeals and prays that the Superior Court may be directed to make a finding upon all the issues of fact involved in said case.

" LEMUEL A. DODGE, JR.,
" By his attorney,
"A. B. CRAFTS."

No transcript of the testimony and rulings at the hearing has been brought up to this court; but the papers in the cause were duly certified by the clerk of the Superior Court.

The case is before us upon the question raised upon the appeal, *viz.:* whether the decree is such a decree as is required by the provisions of the Workmen's Compensation Act above cited.

The provisions of the Act relating to hearing, decision and decree are as follows (Pub. Laws, Jan. 1912, Chap. 831, Art. III, § 6): " Sec. 6. The justice to whom said petition shall be referred by the court shall hear such witnesses as may be presented by each party, and in a summary manner decide the merits of the controvery. His decision shall be filed in writing with the clerk, and a decree shall be entered thereon. Such decree shall be enforceable by said superior court by any suitable process, including executions against goods, chattels and, real estate, and including proceedings for contempt for wilful failure or neglect to obey the provisions of said decree. Such decree shall contain findings of fact, which, in the absence of fraud, shall be conclusive. The superior court may award as costs the actual expenditures, or such part thereof as to the court shall seem meet, but not in-

13

cluding counsel fees, and shall include such costs in its decree. The superior court may refuse to award costs, and no costs shall be awarded against an infant or person under disability or against a guardian ad litem.''

It is obvious that the above quoted decree is not in accordance with the provisions of the statute above quoted. It contains no '' findings of fact ''; it simply dismisses and denies the petition '' for failure of the petitioner to comply with the requirements of law to enable him to maintain his petition,'' &c.

There are several conditions precedent to the maintaining of such a petition; thus by Article II, Section 17, it is provided as follows: '' Sec. 17. No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the employer within thirty days after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within one year after the occurrence of the same, or, in case of the death of the employee, or in the event of his physical or mental incapacity within one year after the death or the removal of such physical or mental incapacity.'' And see also Sections 18-20, providing for notice in writing, service thereof, and certain excuses for want of notice. Again it is provided by Article III, Section 18, of the Act as follows: '' Sec. 18. An employee's claim for compensation under this act shall be barred unless an agreement or a petition, as provided in this article, shall be filed within two years after the occurrence of the injury, or, in case of the death of the employee, or, in the event of his physical or mental incapacity, within two years after the death of the employee or the removal of such physical or mental incapacity.''

All of these matters of notice of injury and claim for compensation in due time, as well as all of the other substantial allegations of fact set forth in the petition, were

put in issue by the answer filed by the respondent; the burden was upon the petitioner to support these allegations by a preponderance of evidence, and if he failed to sustain this burden upon any of the issues, whether as to notice of injury and claim for compensation under Article II, Sections 17-20, above referred to, or as to the filing of his petition within two years after the occurrence of the injury, &c., under Article III, Section 18, or as to any of the other issues of fact under the petition, it could be said, in the language of the decree, that the petitioner had failed " to comply with the requirements of law, to enable him to maintain his petition, as appears by the testimony presented therein." This language of the decree therefore is much too general and indefinite to satisfy the requirements of the Act (Article III, Section 6) above quoted: " Such decree shall contain findings of fact, which, in the absence of fraud, shall be conclusive." The petitioner was entitled to such " findings of fact " as would clearly show in what respects under the evidence he had failed to sustain the burden of proof resting upon him, so that if he saw fit to appeal therefrom and to bring up the transcript of testimony and rulings it would plainly appear to this court upon what grounds the action of the justice of the Superior Court in entering the decree was based. In no other way would it be possible for this court to review the decree intelligently and to determine whether the decree should be affirmed, reversed or modified, or whether a new decree would be necessary and should be framed by this court for entry in the Superior Court under Article III, Section 11, of the Act.

In our opinion the decree appealed from, as it stands, is a nullity under the Act, for reasons above set forth; and it is ordered that same be reversed; and the cause is remanded to the Superior Court sitting in Providence County, with direction that a decree be framed and en-

tered containing findings of fact under the terms of the Act.

*A. B. Crafts,* for petitioner:
*Cunningham & O'Connell, Jeremiah E. O'Connell,* for respondent.