[L. A. No. 16995. In Bank.—May 8, 1939.]

CALIFORNIA CASUALTY INDEMNITY EXCHANGE (an Inter-Insurance Exchange), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LEE C. CRAWFORD, Respondents.

Richard L. Oliver for Petitioner.

Everett A. Corten for Respondents.

THE COURT.—A hearing was granted in this cause after decision by the District Court of Appeal of the Second Appellate District, Division Two, in order that this court might more thoroughly examine into the questions presented for determination. Further consideration thereof has satisfied us as to the correctness of the opinion prepared by Mr. Justice Wood when the matter was before the District Court of Appeal. Therefore, with such additional comment as shall be appended thereto, we hereby adopt said opinion as and for the opinion of this court. It reads:

"Respondent Crawford filed an application with the Industrial Accident Commission wherein he sought to recover from petitioner, the insurance carrier for his employer, the reasonable value of his eye-glasses which were damaged in an industrial accident. The commission filed its findings in favor of Crawford, awarding him the cost of replacing

the lenses of his eye-glasses. The insurance carrier seeks annulment of this award.

█ "The sole question presented to us for consideration is whether or not eye-glasses are artificial members within the meaning of the Workmen's Compensation Act. Section 3208 of the Labor Code (formerly sec. 3 (4) of the Workmen's Compensation Act), provides: 'Injury includes any injury or disease arising out of the employment, *including injuries to artificial members.*' (Italics ours.)

█ "It becomes necessary for us to determine what the legislature meant when it used the term 'artificial members' in that section. 'Member' is defined in Webster's New International Dictionary as being: 'A part or organ of the animal body; especially a limb or other separable part.' The word 'artificial' is defined by Webster's New International Dictionary as being in opposition to the word 'natural'. An artificial member must be held to be a substitute for a *natural* part, organ, limb or other separable part of the body. We believe this conclusion to be fully in accord with the decision . . . in the only case in this jurisdiction which has been brought to our attention, involving an interpretation of this section of the Workmen's Compensation Act. In *Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 215 Cal. 461, at 465 [11 Pac. (2d) 1, 82 A. L. R. 1170], the court, in holding that an award may be made for an artificial leg, states: 'Fear is expressed by petitioner that the award is the forerunner of others for injuries to clothes, tools, automobiles or other personal property. We anticipate no such result. █ The Constitution, in our opinion, authorizes compensation for injury to the body of the workman, including every part thereof, natural or artificial, which is essential to its proper functioning. Other things, such as clothes and tools, may be necessary if he is to perform his duties, but their destruction does not cause him a physical injury or disability. His body may function without them.'

█ "The ultimate test to be applied to any given case in order to determine whether it comes within the provisions of the above section is: Was the thing injured a substitute for, or a mere aid to some *natural* part of the body? Eyeglasses are in no sense a substitute or replacement for a natural part of the body; they are merely aids to the eyesight. The eyes, which are the organs of sight, however defective they may be, are still a natural part of the human body."

Prior to the award in the present case, the respondent commission applied the foregoing reasoning to a similar situation in the case of *Schneider* v. *California Coop. Canneries,* 18 I. A. C. 78, wherein it denied an award to an applicant for the repair of eye-glass frames broken in an industrial accident on the ground that eye-glasses "constitute an aid to, and not a substitute for, a portion of the body". This test was again set down in *Elliott* v. *Commercial Cas. Co.,* 19 I. A. C. 51, 52, wherein the respondent commission made an award covering replacement of bridgework on the ground that "a bridge is a substitute for, and not an aid to, a part of the body. . . . " Of course a glass eye, false teeth, and other substitutes for natural members would be compensable under this test.

In 1 Campbell on Workmen's Compensation, 75, section 99, it is stated that "The breakage of eye-glasses, injury to a wig or toupee, ear-horns, . . . orthopedic shoes and apparatus whose correction or replacement is less than such a portion of a limb as to be regarded as 'an artificial member' would thus come under the classification of 'property damage' and is not a compensable injury. The test is whether the thing injured was a substitute for or a mere aid to a portion of the body."

In 1 Schneider on Workmen's Compensation, 539, section 147, it is stated that "neither is the breaking of an eyeglass, as a result of a fall, a personal injury".

Though eye-glasses may in many instances be "essential to the proper functioning of the body", as urged by respondent, it may equally be argued that the chill blasts of winter and the heat rays of summer make clothing "essential to the proper functioning of the body" and yet, it would hardly be contended that an injury to clothes, or other articles of personal property, should be compensable under our present law. Many persons, equipped with all of their natural members, use various types of personal property to enable such natural members to function more efficiently. Among such aids may be mentioned corsets, trusses, elastic supports, ear horns, elastic stockings, back braces, knee braces, goggles, and others. These articles cannot be said to be "artificial members" or substitutes therefor.

The fact that the breakage of eye-glasses, may, as in this case, cause disability in the sense that the applicant is thereby precluded from properly discharging his duties as an

employee, is not necessarily determinative. Disability of such a character is not the test. Under our present statute which provides for compensation for injury to "artificial members" an award may be made for damage to or destruction of such artificial members even though the person may as efficiently discharge his duties without them. To illustrate, a person whose artificial eye or bridgework has been damaged in an industrial accident would be entitled to an award therefor regardless of his ability to continue his work without them.

The provisions of section 4600 do not suggest a different result in this case. Under that section an employer is required to furnish "nursing, medicines, medical and surgical supplies, crutches, and apparatus, including artificial members . . . reasonably required to cure and relieve from the effects of the injury . . . ". This section obviously applies to the alleviating and curing of physical injuries suffered by the employee. Eye-glasses furnished thereunder are supplied as an "apparatus" reasonably required to relieve from the effects of an injury to the eye. They are not furnished as "artificial members" for, as stated, they do not fall within such category. Section 3208 defines an "injury" while section 4600 defines the duty of the employer after an "injury" has occurred within the meaning of the former section. As shown above, damage to eye-glasses is not an "injury" within the meaning of section 3208.

This discussion may well be concluded by again quoting from our decision in the "wooden leg" case, *supra,* 465, to the effect that "The legislature has only gone so far as to provide for compensation for injury to *artificial members.* Whether it may in the future seek to go beyond this point is not a proper question for our consideration at this time."

For the foregoing reasons, we conclude that ordinarily, damage to eye-glasses is not compensable under the Workmen's Compensation Act as being an injury to an "artificial member" of the body.

The award must be and it is annulled.