ALICE CAMPBELL *vs.* WALSH-KAISER COMPANY, INC.

MARCH 5, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is a petition by the widow of George J. Campbell, a former employee of the respondent, to recover compensation under the workmen's compensation act, general laws 1938, chapter 300, article III, §2, for herself and two minor dependent children. Following a hearing in the superior court, the trial justice found for the petitioner and a decree in accordance with his decision was thereafter duly entered. The cause is before us on respondent's appeal from that decree.

The contested issue between the parties was whether the deceased, George J. Campbell, died as the result of an injury by accident arising out of and in the course of his employment, or whether his death was due to natural causes and not to an injury by accident. Both parties introduced evidence in support of their respective contentions. At the conclusion of the hearing the trial justice took the matter under

advisement, and some time later he filed a rescript in which he discussed at considerable length the evidence for both sides. Immediately following that discussion and before stating his conclusion that Campbell's death was due to injury by accident, he used the following language: "We are bound to resolve any doubts in the whole testimony in the case in favor of the employee."

Respondent contends that the trial justice erred in arriving at his findings of fact by the application of the wrong rule of law, as disclosed by the language just above quoted. On the other hand the petitioner contends that such statement was a correct statement of the law and cites the case of *Gorrall* v. *Hamlyn & Son,* 38 R. I. 249, in support of that contention.

We have given the situation thus presented careful consideration in order to determine whether the trial justice applied the correct rule in weighing the evidence. Both parties insist that the trial justice, according to his quoted words, intended and applied the rule that he was actually bound, as a matter of law, to resolve doubts in the evidence in favor of the employee; and the petitioner insists that this is the correct rule of law to be applied in a case under the workmen's compensation act.

In support of this contention the petitioner cites *Gorrall* v. *Hamlyn & Son, supra.* The respondent, however, asserts that such case stands only for the proposition that the party having the affirmative of a contested issue has the burden of proving that issue by a fair preponderance of the evidence. In these circumstances we have examined that case carefully and have come to the conclusion that the court there intended to hold, and in fact held, merely that in such a compensation case, as in any other civil case, the person or party having the affirmative of a contested issue was bound to prove such issue by a fair preponderance of the evidence.

The preponderance of evidence rule, which in the absence of statute providing to the contrary applies in all civil cases, is so well known as to require no discussion other than to

observe that such rule does not require, as a matter of law, that doubts arising from the evidence be resolved in favor of one party or the other. Limiting the scope of the decision in the *Gorrall* case as just above indicated, its only applicability to the instant case is to require that the person or party having the affirmative of a contested issue must prove that issue, as in any other civil case, by a fair preponderance of the evidence.

Therefore, if the quoted words mean that the trial justice applied any rule different from the fair preponderance rule, or that he believed himself to be actually bound, as a matter of law, to resolve all doubts in the evidence in favor of the employee, as is contended, this would be a clearly erroneous rule. Our difficulty, however, comes in determining from the quoted language what rule of law he actually intended and applied. We entertain some doubt that he intended and applied the erroneous rule above mentioned; but, on the other hand, we cannot be certain from his quoted words that he intended and applied the correct rule. The meaning of those words and the rule actually intended and applied are therefore left to conjecture. Under all the circumstances appearing herein, it is our opinion that justice will be better served if the cause be tried *de novo* in the superior court; and that in such new trial neither party shall suffer any prejudice as the result of this cause being remanded for such purpose.

The appeal of the respondent is sustained, and the cause is remanded to the superior court for a new trial in accordance with this opinion.

*Arthur N. Votolato,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews, Thomas J. Hogan,* for respondent.