WALSH-KAISER COMPANY, INC. *vs.* AVEDIS KOOHARIAN.

MARCH 27, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an employer's petition for review of a preliminary agreement, under the workmen's compensation act, in which the employer agreed that the respondent employee had been totally incapacitated as a result of an accident arising out of and in the course of his employment, and that it should pay him total compensation for the duration of such incapacity. It is alleged in the petition that such incapacity has ceased or is substantially reduced, wherefore petitioner prays that a decree be entered ending or diminishing such compensation. After a hearing in the superior court the petition was granted and a decree entered declaring that all disability resulting from the accident has terminated. From such decree respondent has appealed to this court.

The appeal raises a single issue. However, the parties do not seem to be in agreement as to the nature of that issue. Respondent contends that it is an issue of law, namely, whether the superior court applied the correct legal standard to the evidence of the respondent's disability. But the petitioner contends that the issue is in reality one of fact, that is, whether the evidence proves that the respondent's hernia, which was the injury he had sustained as a result of the accident, was completely corrected by a surgical operation which he had undergone. We have carefully read the transcript and the trial justice's rescript and we are of the opinion that the issue raised by the appeal is one of law as stated by the respondent. It appears from the evidence that respondent was a pipe fitter and had been employed as such by petitioner for over two years when he suffered a hernia while lifting a section of heavy pipe. He underwent the operation to correct the hernia on July 28, 1945. After the operation he could not do heavy work but tried several jobs requiring light work. The highest wages which he earned at such jobs were about $33.80 a week. He testified that he had always done heavy work even before he was employed by the petitioner; that he worked "Steady right along" in that employment and also in his former employments; and that he had always been in

good health until he was injured while in the petitioner's employ.

According to the uncontradicted evidence, we have here a strong, healthy man of sixty-one years doing heavy manual labor of a kind at which he had been regularly and customarily employed throughout his working life. He did this type of work daily for the petitioner for twenty-six months without any ill effects until the day on which the accident happened. The hernia which he suffered in that accident has now been corrected, according to medical evidence upon which the superior court had the right to rely. However, it appears from the same medical evidence that it is the opinion of the physicians who examined the respondent that he cannot do the work he was doing before the accident, but that he is fully capable of doing light work. None of these medical witnesses stated what kind of light work the respondent is able to do. One testified: "I believe he is well able to do any kind of work a man his age can do." Another testified: "I think he ought to be able to do any work expected of a man in his sixties." But neither witness testified positively what, in his opinion, a man of sixty-one could safely do or whether the respondent, when he was examined, could do the work which he had been doing for twenty-six months before he was injured, or whether he could perform other similar heavy work requiring like activity such as lifting and carrying heavy pipe. Still another physician, who was appointed by the superior court to impartially examine respondent and who, by consent of the parties, did not testify, reported to the court, as to respondent's disability, as follows: "I should feel that he might return to ordinary work although a man of sixty-one (61) who has undergone a hernia operation should not be expected to do work requiring heavy lifting or great straining."

It is obvious from the above evidence that none of those physicians was of the opinion that respondent could do the work he had been doing before the accident. Although the first two are not as specific in their opinions as the impartial

examiner, it is clear that they all feel that respondent in his present condition is incapable of resuming his former employment. The trial justice, however, seems to have thought that the above evidence, to which he referred and some of which he quoted in his rescript, was to the effect that respondent, having had a successful operation for his hernia, was now able to work at any job which the average man of his years could do and therefore his incapacity was ended.

It seems to us that he could have come to such a conclusion only on the theory that respondent, a man of sixty-one years, should not be doing a job requiring the lifting and carrying of heavy pipe, but should be doing lighter work more suitable to one of his age, and that now with his hernia corrected he was fully able to do such work. In this we think the trial justice was led astray by the conclusions of some of the medical witnesses. Whatever might be their professional opinions as to the kind of manual labor the average man in his sixties should or should not do, the only medical opinion that was of probative value was what this particular workman, whose ordinary work throughout his working life had been heavy manual labor, could do after his successful operation. The impartial examiner substantially answered that question when he expressed the opinion that the respondent "might return to ordinary work although a man of sixty-one (61) *who has undergone a hernia operation* should not be expected to do work requiring heavy lifting or great straining." (italics ours) In other words we understand the examiner to say that this respondent, having had a hernia, is now disabled from doing work which requires both heavy lifting and great straining notwithstanding that such work was his ordinary work before the accident.

We think that in this respect the impartial examiner's opinion substantially coincides with the opinions of two other doctors who did not testify but whose reports of their respective examinations of respondent were, with petitioner's consent, received in evidence as exhibits. One of those doctors reported: "I would suggest that this man attempt to

return to light work and if unable to continue to be re-examined by an impartial surgeon." The other doctor reported that, in his opinion, respondent was partially disabled permanently. Neither of those doctors expressed any opinion as to what kind of work the average man of sixty-one years could do. They considered the condition of the man they had examined and then gave their opinion of his present physical ability, taking into consideration that he had suffered a hernia.

After carefully considering all the evidence we are of the opinion that the superior court erred in deciding against the respondent on the basis of what work the *average* man of sixty-one years could or should reasonably do. Instead it ought to have determined whether this particular workman, who had actually been employed all his life at heavy manual labor, was incapacitated from doing such work after he had sustained a hernia which had resulted from a compensable accident and which had since been corrected by a surgical operation. We are of the further opinion that the only legal evidence before the superior court on that question was that respondent could not do such work but that he could do light work and that on such work the highest weekly wages he had been able to earn were $33.80, whereas his wages before the accident were $87.30 a week.

In those circumstances the superior court, applying the proper standard of law to the facts, could not reasonably have found that this respondent's incapacity had terminated. On the contrary it would have been bound to find that he was partially disabled and that he was entitled to partial compensation of $18 a week during the period of partial incapacity not exceeding 800 weeks from the date of his injury, such amount being the maximum allowed by general laws 1938, chapter 300, art. II, §11, as amended by public laws 1942, chapter 1246.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the su-

perior court for the entry of a decree in accordance with this opinion.

*Henry M. Boss, Francis W. Conlan,* for petitioner.

*Charles H. Eden,* for respondent.