DREW, Justice.
The sole question presented in this workmen’s compensation case is whether the Florida Workmen’s Compensation Law[1] authorizes reimbursement for damage to artificial members or prosthetic devices.
This is a case of first impression in this State but the answer is clearly discernible from the plain provisions of the Florida Law which limit coverage specifically to “personal injury or death by accident * * * and such diseases or infection as naturally or unavoidably result from such injury.”[2] The act makes no provision of compensation for damages to artificial members or prosthetic devices which are personal property and not a part of the person. In every state where this question has been presented under acts similar to ours, the Courts have, without exception, denied compensation.[3]
*280 We are unable to accept the contention of the respondent that we may, by a liberal construction of the act, reach the conclusion that embraced within the term “personal injury” are artificial members or prosthetic devices. This would require us to write into the act words and meaning[1] which simply are not there. If the Legislature in its wisdom sees fit to include such items as well as other aids to the individual in the discharge of his obligations, it is a simple matter for it to do so by making such provision in the act itself.
The petition for certiorari is granted, and the order of the full commission is quashed with directions to remand the cause to the deputy for the entry of an order dismissing the respondent’s claim.
THOMAS, C. J., and HOBSON and THORNAL, JJ., concur.
TERRELL, J., dissents.

. Workmen’s Compensation Law, Chapter 440, Florida Statutes (1959), F.S.A.

. Section 440.02(6), Florida Statutes (1959), F.S.A.

. 1 Larson, Workmen’s Compensation Law § 42 (1952); London Guarantee & Accident Co. v. Industrial Commission, 1926, 80 Colo. 162, 249 P. 642; Ratliff v. Cubbage, 1951, 314 Ky. 716, 236 S.W.24 944; California Casualty Indemnity Exchange v. Industrial Accident Commission of California, 1939, 13 Cal. 2d 529, 90 P.2d 289; Grond v. Wormann Apartments, 1935, 182 A. 28, 113 N.J. Mise. 884. See also the extensive annotation in 82 A.L.R. 1175, which con- *280 eludes with the following observation by the author:
“No case has been found wherein the term ‘personal injury’ has been held to embrace injuries to property.”