ROMANO v. SOUTH RANGE CONSTRUCTION COMPANY.

1. WORKMEN'S COMPENSATION—EVIDENCE—MEDICAL TESTIMONY.

A claimant seeking benefits under the workmen's compensation act is not required to present expert medical testimony to support his claim where injury appears in a bodily member reasonably soon after an accident, at the very place where the force was applied and with symptoms observable to the ordinary person, since there arises, in the absence of believed testimony to the contrary, a natural inference that the injury, whatever may be its medical name, was the result of the accident, absolute certainty not being required in any case.

REFERENCES FOR POINTS IN HEADNOTES
[1]  58 Am Jur, Workmen's Compensation §§ 436, 437, 451.
[2, 3]  58 Am Jur, Workmen's Compensation §§ 450, 451, 453.
[4]  58 Am Jur, Workmen's Compensation §§ 26–31.
[5, 6]  58 Am Jur, Workmen's Compensation §§ 321, 322.

2. SAME—EVIDENCE—PRIMA FACIE CASE—MEDICAL TESTIMONY.

 An injured employee, seeking benefits under the workmen's compensation act, makes out a prima facie case where reasonable probabilities flowing from undisputed evidence disclose a progressive course of events beginning with an external accident in which each succeeding happening, including the injury, appears traceable to the one that preceded it, medical evidence not being essential for recovery in such case (CLS 1961, § 412.4).

3. SAME—INJURY—EVIDENCE—MEDICAL TESTIMONY.

 Claim by defendants that the workmen's compensation appeal board erred in affirming an award to plaintiff for replacement of a lower denture, which allegedly failed to fit after plaintiff was injured when run over by a truck, because plaintiff presented no medical testimony in support of his claim *held*, without merit, where plaintiff testified that he injured his mouth in the accident, that his lower denture had fitted properly prior thereto, but that he could not use it following the accident, since it is not necessary to present medical evidence to establish recovery of benefits where, as here, adequate, undisputed, and unimpeached testimony establishes injury to or difficulty with a bodily member soon after an accident, at the very place where the force was applied and with symptoms observable to the ordinary person, since there arises, under such circumstances, a natural inference that the injury was the result of the accident.

4. SAME—CONSTRUCTION OF STATUTES.

 Words are to be taken and construed in the sense in which they are understood in common language, when construing statutes such as the workmen's compensation act, taking into consideration the text and subject matter relative to which they are employed.

5. SAME—CLOTHING—CONSTRUCTION OF STATUTES.

 Statute requiring that employer supply injured employee with "dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury," *held*, not to require replacement of clothing damaged as a result of a work-related accident (CLS 1961, § 412.4).

6. SAME—REPLACEMENT OF CLOTHING.

 Award of workmen's compensation appeal board, granting plaintiff reimbursement for clothing destroyed in an accident *held*,

error, where the applicable statute makes no provision for
replacement of such clothing (CLS 1961, § 412.4).

Appeal from Workmen's Compensation Appeal
Board.  Submitted Division 3 May 10, 1967, at Mar-
quette.  (Docket No. 2,640).  Decided November 30,
1967.

Joseph Romano filed an application for workmen's
compensation benefits against South Range Con-
struction Company and State Accident Fund, its in-
surer, seeking an award for replacement of a lower
denture and the value of destroyed clothing.  The
referee awarded $25 for the lost clothing and ordered
defendants to furnish claimant with a new lower den-
ture.  Defendants appealed.  The Workmen's Com-
pensation Appeal Board affirmed.  Defendants ap-
peal.  Affirmed in part, reversed in part.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*Peter B. Munroe, Larry J. Nobach, Albert J. Rus-
sell,* and *Norman F. Hammer,* for defendants.

Burns, J.  Plaintiff, a flagman for South Range
Construction Company, was directing traffic at a con-
struction site on May 11, 1961, and a truck backed
over plaintiff knocking him to the ground.  As a re-
sult of this accident the plaintiff sustained injuries to
his pelvis, spine, and collar bones.  He also "got a
mouthful of sand" which injured his mouth and he
has had difficulty wearing his lower denture since
that date.  Plaintiff has received workmen's compen-
sation payments since the date of the injury.

Plaintiff filed an application with the workmen's
compensation commission in April, 1965, for the re-
placement of the lower denture and the value of de-

stroyed clothing. At a hearing before a referee plaintiff testified that he had purchased his lower denture in 1956 and had worn it until the date of the accident in 1961 without difficulty. Immediately thereafter his mouth was sore, and he commenced to have trouble with the denture. Although he attempted to wear it, he continued to have difficulty. In 1965 he requested the defendants to replace the lower denture and defendants refused.

The hearing referee entered an award ordering the defendants to furnish plaintiff with a new denture and to reimburse him $25 for the destroyed clothing. This award was affirmed by the workmen's compensation appeal board.

Defendants claim the appeal board erred in applying CLS 1961, § 412.4 (Stat Ann 1960 Rev § 17.154)*. More specifically, they claim that an award for the new denture should not be allowed without expert testimony as to the condition of plaintiff's mouth, the necessity of replacing the denture and the causal connection between the accident and replacement of the denture. The appeal board found:

"On review defendant points out that the burden of proof rests upon the plaintiff to show that his need for dentures was occasioned by the injury. Defendant seems to believe that this proof is not met until plaintiff presents expert medical testimony to establish this fact. The proofs presented by plaintiff stand unrebutted and do establish that plaintiff's mouth was injured in such a way that he could no longer wear the dentures which, prior to the accident, had given him no trouble. The proofs establish that the new dentures were needed to relieve from the effects of injury. In the absence of proofs to the contrary plaintiff was under no obligation to present

* See currently, PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.154):

further proofs upon the matter.  The referee prop-
erly ruled upon this issue."

As stated in *Valente* v. *Bourne Mills* (1950), 77 RI
274, 278, 279 (75 A2d 191, 194):

"The first contention, as stated, if literally fol-
lowed would turn a compensation case into a clinic
where doctors seek to determine the 'diagnosis' of a
patient's ailment and the 'pathological nature' of
that condition according to the more exacting norms
of medical science.  The application of so strict a
rule to establish the required causal relationship in
the field of law, where the ultimate objective is the
attainment of substantial justice according to the
remedial purposes and provisions of the act, would
cast an unfair burden upon a person injured by ac-
cident.  See *Emma* v. *A. D. Juilliard & Co.*, 75 RI
94, 99 (63 A2d 786).  Neither the compensation act
nor the pertinent decision of any court that has come
to our attention requires such a quantum of proof.
Construed consistently with the rules of law rather
than of medicine, respondent's contention under con-
sideration is in substance that there is no evidence
of causal connection since there is no direct *medical*
testimony of diagnosis to that effect.

"We concede that in the great majority of cases
such testimony ordinarily is necessary because of
the seeming absence of connection between a par-
ticular accident and a claimed resulting injury.  But
in other cases involving special and peculiar circum-
stances, medical evidence, although highly desirable,
is not always essential for an injured employee to
make out a prima facie case, especially if the testi-
mony is adequate, undisputed and unimpeached.
Thus where, as in the instant case, injury appears
in a bodily member reasonably soon after an acci-
dent, at the very place where the force was applied
and with symptoms observable to the ordinary per-
son, there arises, in the absence of believed testi-
mony to the contrary, a natural inference that the
injury, whatever may be the medical name, was the

result of the employment [accident?]. Absolute certainty is not required in any case. If the reasonable probabilities flowing from the undisputed evidence disclose a progressive course of events beginning with an external accident in which each succeeding happening including the injury appears traceable to the one that preceded it medical evidence is not essential for an injured employee to make out a prima facie case.

"An inference, if rational and natural, based on proven facts will stand even though not supported by expert medical opinion."

It was not necessary for the plaintiff to have an expert testify concerning the necessity of the replacement of the denture.

The appeal board further found that the clothing (*i.e.,* insulated underwear, army pants, and a jacket), destroyed as a result of the accident was a special type necessary for the plaintiff in the performance of his duties and that such clothing could be described as appliances necessary to relieve from the effects of the injury. CLS 1961, § 412.4 (Stat Ann 1960 Rev § 17.154) reads:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of this State as legal, when they are needed. * * * The employer shall also supply to such injured employee dental service, crutches, artificial limbs, eyes, teeth, eye glasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury."

" 'In giving construction to such statutes (workmen's compensation) words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the text

and subject-matter relative to which they are employed.' " *Clickner* v. *Ingham County Road Commission* (1936), 278 Mich 429, 431 (quoting from *Stocin* v. *C. R. Wilson Body Co.* [1919], 205 Mich 1).

The thrust of this particular statute is medically oriented. While there may be instances when special clothing could be termed an appliance to relieve the employee from the effects of an injury, such as a specially constructed shoe to correct a foot injury, in our opinion the "special" clothing in this case does not qualify as "appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury."

The award of the workmen's compensation appeal board is affirmed in part and reversed in part in accordance with this opinion.

FITZGERALD, P. J., and HOLBROOK, J., concurred.