BEHL v. GENERAL MOTORS

1. WORKMEN'S COMPENSATION — PROSTHETIC DEVICES — PERSONAL INJURY.

A workman must be furnished prosthetic devices, under the workmen's compensation act, only where there has been a personal injury, not an injury only to the device, and where the effects of the injury may be alleviated by a prosthetic device (MCLA § 412.4).

2. WORKMEN'S COMPENSATION—PROSTHETIC DEVICES—HEARING AID.

Damage to a hearing aid is not a personal injury and is not compensable under the workmen's compensation act unless the claimant suffered or was threatened by a bodily injury independent of the damage to the hearing device (MCLA § 412.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation § 192 *et seq.*
[2] 58 Am Jur, Workmen's Compensation §§ 194, 243, 244.

3. WORKMEN'S COMPENSATION—HEARING AID.
   Compensation for a broken hearing aid was properly denied
   where the claimant, while at work, after having slipped on a
   bolt, bent over and his hearing aid fell off and broke.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 June 4, 1970, at Lansing. (Docket No. 7,874.) Decided July 29, 1970. Leave to appeal denied December 31, 1970. 384 Mich 793.

Workmen's compensation claim by David A. Behl against General Motors Corporation for a broken hearing aid. Referee's award affirmed by the workmen's compensation appeal board. Defendant appeals. Reversed.

*Rapaport, Siegrist & Sablich* (*Gerald L. Oade,* of counsel), for plaintiff.

*Anderson, Green & McKay,* for defendant.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

LESINSKI, C. J. Plaintiff David Behl filed the instant claim for workmen's compensation to recover for a broken hearing aid. The hearing referee awarded plaintiff $264.80 and the Workmen's Compensation Appeal Board affirmed. Defendant appeals upon leave granted.

The facts of the case may be simply stated. Plaintiff alleged that while at work he slipped on a bolt, which was lying in the yard where he was working, lost his balance and dropped his dinner bucket. As he bent over to pick it up, his hearing aid fell off his ear and was broken. Defendant alleged simply that plaintiff bent over to pick something up and his hearing aid dropped off.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCLA § 412.4 (Stat Ann 1968 Rev § 17.154), provides in relevant part:

"The employer shall furnish, or cause to be furnished, to an employee who receives a *personal injury* arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of this state as legal, when they are needed. * * * The employer shall also supply to such injured employee dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury." (Emphasis supplied.)

The sole issue raised on appeal is whether damage to a hearing aid is a "personal injury" within the meaning of the Workmen's Compensation Act.

MCLA § 417.1 (Stat Ann 1968 Rev § 17.220), provides:

"Whenever used in this act:

"(a) 'Disability' means the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability.

"(b) 'Disablement' means the event of becoming so disabled.

"(c) 'Personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment."

Unfortunately, these definitions are not clear in their application to the instant case.

Our research satisfies us that this question has not been faced by a Michigan court and we, therefore, treat it as a case of first impression.

A limited number of cases from other jurisdictions exist which are relevant to the issue presented. In *Pacific Indemnity Company* v. *Industrial Accident Commission of California* (1932), 215 Cal 461 (11 P2d 1), the supreme court of California allowed recovery for a worker's artificial leg, which had been broken, under a constitutional provision providing for compensation for "injury or disability".

In *California Casualty Indemnity Exchange* v. *Industrial Accident Commission of California* (1939), 13 Cal 2d 529 (90 P2d 289), however, the same court did not allow recovery for eyeglasses which were damaged in an industrial accident. The applicable California statute provided: "Injury includes any injury or disease arising out of the employment, including injuries to artificial members."[1] The court in *California Casualty* stated at p 532:

"In 1 Campbell on Workmen's Compensation, § 99, p 75, it is stated that 'The breakage of eyeglasses, injury to a wig or toupee, ear-horns, * * * orthopedic shoes and apparatus whose correction or replacement is less than such a portion of a limb as to be regarded as "an artificial member" would thus come under the classification of "property damage" and is not a compensable injury. The test is whether the thing injured was a substitute for or a mere aid to a portion of the body.'

"In 1 Schneider on Workmen's Compensation § 147, p 539, it is stated that 'neither is the breaking of an eye-glass, as a result of a fall, a personal injury.'

"Though eye-glasses may in many instances be 'essential to the proper functioning of the body,' as urged by respondent, it may equally be argued that the chill blasts of winter and the heat rays of summer make clothing 'essential to the proper function-

[1] Labor Code, St 1937, § 3208, p 266.

ing of the body' and yet, it would hardly be contended that an injury to clothes, or other articles of personal property, should be compensable under our present law. Many persons, equipped with all of their natural members, use various types of personal property to enable such natural members to function more efficiently. Among such aids may be mentioned corsets, trusses, elastic supports, ear horns, elastic stockings, back braces, knee braces, goggles, and others. These articles cannot be said to be 'artificial members' or substitutes therefor."

The court specifically distinguished *Pacific Indemnity, supra,* on the grounds that an artificial leg is a replacement for a natural part of the body while eye-glasses only allow an existing part of the body to function more efficiently. The court noted at p 531:

" 'The ultimate test to be applied to any given case in order to determine whether it comes within the provisions of the above section is: Was the thing injured a substitute for, or a mere aid to some *natural* part of the body? Eye-glasses are in no sense a substitute or replacement for a natural part of the body; they are merely aids to the eyesight. The eyes, which are the organs of sight, however defective they may be, are still a natural part of the human body.' "

In *London Guarantee & Accident Co.* v. *Industrial Commission* (1926), 80 Colo 162 (249 P 642), the court held:

"The district court affirmed an award of the commission to the claimant Chambers, for the accidental injury of his wooden leg. Compensation can be awarded for personal injuries only (CL §§ 4389, 4387, 4388, 4404), which means injury to the person * * * . A wooden leg is a man's property, not part of his person, and no compensation can be awarded for its injury."

*Grond* v. *Wormann Apartments* (1935), 13 NJ Misc 884 (182 A 28), and *Ratliff* v. *Cubbage* (1951), 314 Ky 716 (236 SW2d 944), also denied recovery for injured artificial legs.

More recently the Supreme Court of Nebraska in *Newberry* v. *Youngs* (1956), 163 Neb 397 (80 NW2d 165), held that an employee could not recover for broken eyeglasses under a statute (at p 405) "designed to relieve or cure the physical injuries suffered by the employee." And, in *Southern Electric, Inc.* v. *Spall* (Fla, 1961), 130 So 2d 279, the Supreme Court of Florida held that a statute allowing recovery for "personal injury" did not include damages to artificial members or prosthetic devices, which the court felt to be personal property and not a part of the person.

While we are not bound by the foregoing cases, we cannot help but note that to date no case has held damaged eyeglasses or hearing aids to be "personal injuries." The states that allow recovery do so specifically by statute.[2] Yet, significantly, nearly half of these statutes appear to require that the prosthetic appliance be actually on the body when it is damaged,[3] or else that it be damaged as part of an accident causing injury to the body itself.[4]

Two policies appear to support the conclusions reached in the above noted cases. First, as observed in 1A Larson's Workmen's Compensation Law, § 42.12, p 622.150:

---

[2] Alaska (Chapter 46, Session Laws Alaska, 1964); Wisconsin (Chapter 281, Laws of 1963); Connecticut (Pub Acts 1961, No 491); Illinois (Laws 1961, p 1480); Pennsylvania (Workman's Compensation Law, Act of August 8, 1961, PL 736); Maine (Chapter 289, Public Laws of 1959); Oregon (Chapter 450, Oregon Laws 1959); Washington (Laws 1959, chapter 256, p 1174); Vermont (§ 8045 of No 221, Acts of 1955); Ohio (126 Ohio Laws 876); New Jersey (L 1956, c 141).

[3] Ohio (126 Ohio Laws 876), allows recovery for damaged eyeglasses, if the accident occurred "while they are on his face."

[4] Wisconsin, Connecticut, Illinois, New Jersey.

"A familiar and understandable condition of many of these provisions is that the damage to the eyeglasses or other device must have coincided with an otherwise compensable accident. The obvious intent is that the wheels of compensation liability should not be set in motion every time a workman drops his glasses and cracks the lenses."

Second, by the very nature of many injuries to the body and the need for immediate medical attention, the chances that an employee would fail to report a nonwork-related accident until he gets to work and then claim it to be an industrial injury are greatly reduced. The limited possibility of such frauds are greatly increased, however, when the damage is only to eyeglasses or a hearing aid unaccompanied by an injury to the body which does not require immediate attention.

Turning now to the language of the Michigan statute, there are two points worth noting. The first sentence of the section states that the employer shall furnish "reasonable *medical, surgical and hospital services and medicines or other attendance or treatment*" for an employee suffering a work-related "personal injury." (Emphasis supplied.) The clear implication arising from the types of services mentioned in the statute indicates an injury to the body as opposed to damage to a mechanical device or prosthetic appliance.

The act further provides:

"The employer shall also supply to such injured employee dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury."

While this sentence does refer to hearing aids, on close analysis it also appears to contemplate a per-

sonal or bodily injury aside from and independent of the broken hearing device. The sentence assumes the occurrence of a bodily injury the effects of which may be alleviated by the use of a prosthetic appliance. As noted in *Romano* v. *South Range Construction Company* (1967), 8 Mich App 533, 539:

"The thrust of this particular statute is medically oriented."

In *Romano, supra,* this Court affirmed an award requiring compensation for a damaged denture. However, the damage in *Romano* was clearly related to a bodily injury. As this Court stated at p 535:

"[A] truck backed over plaintiff knocking him to the ground. As a result of this accident the plaintiff sustained injuries to his pelvis, spine, and collar bones. He also 'got a mouthful of sand' which injured his mouth and he has had difficulty wearing his lower denture since that date."

Plaintiff cites *French* v. *Felters Company,* 1958 WCABO 104, for the proposition that damages to an employee's eyeglasses are a "personal injury." Plaintiff argues that since the *French* decision has stood unchallenged for 12 years, during which time the statute in question has been twice amended by the legislature without any change in the term "personal injury," "the legislature has thus expressed its consent and approval with that interpretation and this Court should not alter that meaning."

The argument falls short, however. In *French* the facts were set forth as follows at p 104:

"The plaintiff is 23 years old. He has been wearing glasses since he was five years of age. They are necessary for him to carry on his work. He was working for the defendant on January 30, 1957 when a *chain-hoist swung and struck him on the forehead and damaged his eyeglass frame.* Before

he could continue with his work it was necessary to have the frame replaced which took the plaintiff three hours to do." (Emphasis supplied.)

Given the facts of *French*, it cannot be said that the legislature "expressed its consent and approval" to a rule allowing recovery where no bodily injury was either sustained or threatened by the accident.

Plaintiff also points out the statement in 1A Larson, The Law of Workmen's Compensation, § 42.12, p 622.152, that: "[T]he type of comprehensive statute exemplified by those of Alaska and New Jersey seems well within the central purpose of compensation legislation." Alaska's statute (Ch 46, Session Laws Alaska, 1964) includes the following definition of an injury: "breakage or damage to eye glasses, hearing aids, dentures, or any prosthetic device which functions as a part of the body."

Michigan's Workmen's Compensation Act does not contain a definition similar to Alaska's. We agree with the courts of other jurisdictions that damage to a hearing aid when no bodily injury is either suffered or threatened is not a "personal injury." If the term "personal injury" should be defined so as to include a broken hearing aid, it is up to the legislature to write such a definition.

Reversed. Costs to defendant.

All concurred.