THOMASINE FITZHARRIS, APPELLANT *v.* MADE-LINE T. PHILLIPS AND KENNETH W. PHIL-LIPS, RESPONDENTS.

Nos. 4101 and 4102

December 19, 1958.                    333 P.2d 721.

*Zenoff & Magleby,* of Las Vegas, for Appellant.

*Sidney R. Whitmore,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, C. J.:

In March 1955 Thomasine Fitzharris sued her daughter, Madeline T. Phillips, and the latter's husband, Kenneth W. Phillips, for restitution of the real property known as the Four Winds Motel in Clark County, Nevada. This case is now before us as No. 4101. The trial court on May 25, 1955 granted defendants' motion

for summary judgment upon showing of a deed from plaintiff to defendants and certain letters of confirmation thereof from plaintiff, giving as its reasons that there was no genuine issue of fact to be submitted and that defendants were entitled to judgment as a matter of law. The order granting the motion was entered on May 26, 1955, but there was no formal entry of judgment at this time.

On June 7, 1955 Thomasine Fitzharris brought another action against Madeline T. Phillips and Kenneth W. Phillips in which she sought to set aside the deed from plaintiff to defendants, upon which deed the court in the first case had relied in ordering summary judgment. This case is now before us as No. 4102. Following trial in this second case the court stated that the evidence would seem to support the plaintiff's position that Thomasine's deed to Madeline was merely to the latter in trust for Thomasine under an agreement to reconvey to Thomasine and that Madeline understood this to be so. On October 1, 1957 the case was submitted.

On October 2, 1957 Thomasine moved the court to vacate the order for summary judgment entered on May 26, 1955 in No. 4101. On October 3, 1957 written judgment was filed in the first case. On October 14, 1957, the court denied the motion to vacate the order in No. 4101 on the ground that the motion was not made within six months after the entry of the order. On the same day Thomasine moved the court in No. 4101 for an order setting that judgment aside, on the ground, among others, that the judgment was improvidently entered because the motion to set aside the order of summary judgment was pending and undetermined at the date of the entry of the judgment. That motion was denied.

Judgment in the second case was entered December 11, 1957.

Case No. 4101 is an appeal from the order in the first case denying motion to set aside the order sustaining the motion for summary judgment and the order denying the motion to set aside the judgment. Case No. 4102 is an appeal from judgment in the second case. The two

appeals have been consolidated and this opinion will dispose of both matters.[1]

## CASE NO. 4101

In denying the motion to set aside the order for summary judgment in this matter the court acted on the ground that the motion had not been made within six months of the date of the order granting summary judgment. In other words, the learned trial judge considered the order for summary judgment as a final judgment and that he had lost jurisdiction to entertain the motion to set it aside under NRCP Rule 60 requiring a motion to set aside a judgment to be made within six months after the same was entered.

In this the court erred. The order for summary judgment was not a final judgment. NRCP Rule 58 provides in material part, "* * * all judgments shall be signed by the judge and filed with the clerk." Subdivision (c) of Rule 58 reads: "The filing with the clerk of a judgment, signed by the judge, * * * constitutes the entry of such judgment, and no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided. * * *" The notes of the Advisory Committee on the Rules of Civil Procedure say of Rule 58: "This is a new rule of which subsections (a) and (b) were adapted from Utah, and subsection (c) from New Mexico. It is considered clearer than the federal rule and more desirable than present Nevada law. Under this rule, judgment will become effective, and time will start to run, only when it has been signed and filed with the clerk. * * *" The decisions of this court prior to January 1, 1953, the effective date of NRCP, to the effect that the pronouncement of judgment from the

---

[1]Although without significance in the determination of these consolidated appeals, we may note that the confusion is further compounded by the fact that there had been a still earlier action in which appellant had sued another daughter, one Gertrude Schade (in whose name the property had originally stood) and obtained a decree quieting title to the same property. Gertrude Schade became incompetent, later regained her competency and quitclaimed her interest in the property to appellant.

bench fixes the date of the judgment, no longer have any bearing on the question. The order denying the motion to set aside the summary judgment must therefore be set aside to the end that the trial court may dispose of the motion on its merits.

CASE NO. 4102

Judgment in case No. 4102 was entered in favor of defendants upon the basis that the action was barred by the prior adjudication in No. 4101.

Appellant's first attack on the judgment in No. 4102 is that the cause of action pleaded in the second suit was essentially different from that asserted in the first, so that the judgment in the first suit could not constitute a bar. This contention is without merit. In both actions the respective parties asserted title and denied the title asserted by the other. Title to the property was essentially the issue in both actions. Barron & Holtzoff, Federal Practice & Procedure, Vol. 3, sec. 1194, p. 35, commenting on this second sentence of Rule 54(c), states: "* * * This provision implements the general principle of Rule 15(c), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. It is a necessary rule in a merged system of law and equity; indeed the difficulties which some states have had in implementing the merger of law and equity stem from a failure to grasp and to apply this principle. Any rule other than that stated in the second sentence of Rule 54(c) would mean preservation of the distinctions between law and equity and of the various forms of action which these rules are intended to abolish * * *."

In Wehle v. Price, 202 Cal. 394, 260 P. 878, 880 (1927), an action by the grantor to have a deed absolute in form, declared a mortgage, and to quiet his title, judgment previously obtained in an ejectment action by the grantee against the grantor, barring the former from all claims of title to the premises was held to be res judicata of the question of title.

The court quoted Freeman on Judgments (5th ed.), Vol. 2, secs. 866, 867, pp. 1830–1832, with approval: "Primarily an action of ejectment or its equivalent * * * is possessory in its nature. It may, however, and frequently does become the means of trying title, since either party may base his right to possession entirely upon some claim of title * * *. Where title was alleged by either party as the basis of his right to possession, the judgment became res judicata to the extent that an adjudication of it was essential to the judgment, but not otherwise (citing numerous California cases). * * *

"* * * Title is put in issue by an allegation of ownership in fee simple. * * *" To like effect are White v. Lantz, 126 Cal.App. 693, 14 P.2d 1041 and Coates v. Coleman, 72 R.I. 304, 51 A.2d 81 (reargument denied 72 R.I. 304, 51 A.2d 530). See also 50 C.J.S., Judgments, sec. 737.

The second ground of attack—that there was no final judgment in No. 4101 which could constitute a bar to No. 4102—must be sustained as fatal to the judgment in No. 4102. At the time that the judgment in No. 4102 was actually entered and filed, there had been a formal judgment filed and entered in No. 4101. This judgment, however, we have just set aside. Accordingly, the bar of res judicata cannot apply in No. 4102, and judgment in favor of defendants rendered upon this basis must be reversed.

The situation facing us as far as concerns No. 4102, then, is this: No. 4101 remains pending by virtue of the action which we have taken with respect to that case. No. 4102, as we have just decided, involves the identical cause of action. It would be contrary to fundamental judicial procedure to permit two actions to remain pending between the same parties upon the identical cause. Indeed, under our practice act prior to adoption of the Rules, such situation was a special ground of demurrer. Sec. 8596 NCL 1929. Therefore No. 4102 should be remanded with instructions that the judgment be set aside and that the district court proceed to order that action dismissed for the reason that in an action now

pending in the Eighth Judicial District Court between the same parties the identical cause of action is asserted.

The judgment in No. 4101 is hereby reversed and the cause remanded with directions to set aside the judgment and the order denying the motion of appellant to vacate the order for summary judgment for the respondents, and to hear appellant's said motion on its merits and, if granted, to dispose of all questions as to the legal and equitable title of the respective parties to the said property, and upon such amended or additional or supplemental pleadings as the court may see fit to allow.

No. 4102 is hereby remanded with directions to set aside the judgment and dismiss the action.

Appellant is allowed her costs in both appeals.

MERRILL, J., concurs.

(NOTE: McNAMEE, J., having become a member of the court after argument and submission of the case, did not participate in the foregoing opinion.)