HOWARD SZILAGYI, JIM MAYS, VICTOR HECKER AND JOYCE HECKER, APPELLANTS AND CROSS-RESPONDENTS, *v.* ANDREW TESTA, RESPONDENT AND CROSS-APPELLANT.

No. 14315

December 20, 1983                                     673 P.2d 495

*Harding & Dawson,* Las Vegas, for Appellants and Cross-Respondents.

*Keefer, O'Reilly & Haight,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

This is an appeal from an order dismissing appellants' counterclaim and denying appellants leave to file a supplemental counterclaim and a third-party complaint. Appellants also seek reversal from an earlier order denying appellants' motion for summary judgment. Respondent has cross-appealed from an order dismissing his complaint which was the initial predicate for this action. We reverse the dismissals of respondent's complaint and of appellants' counterclaim; we affirm the order denying appellants' motion for summary judgment.

## THE FACTS

This litigation is centered on the attempted acquisition of a parcel of real property in Clark County owned by the appellants. Respondent Andrew Testa decided to purchase the property and an escrow was opened for that purpose. Testa signed, as part of the purchase price, a note which was due at the close of escrow. Before the close of escrow, and without appellants' knowledge, Testa extended the note's due date. Upon learning of the extended date, appellants cancelled the escrow. Testa commenced this instant action, seeking specific performance and by filing a *lis pendens* on the property. Appellants answered Testa's complaint and counterclaimed for slander of title. During this time Testa became the owner of a pre-existing note secured by a deed of trust covering the subject property. The note became delinquent and foreclosure proceedings were commenced.

Appellants moved for summary judgment on the ground that Testa lacked standing to sue. The court denied the motion for summary judgment.

At a calendar call, an order was entered in the court minutes. It set the case for a jury trial, as appellants had requested, and recited the following: "Foreclosure sale to be continued until January 1982." The minute order was allegedly based upon a stipulation of counsel; although Testa's then-counsel denies that he so stipulated.

Testa foreclosed on the property, two weeks after entry of the minute order, allegedly without notice to appellants. Testa purchased the property and sold it to a third party. Appellants moved to dismiss Testa's complaint on the ground that Testa had ignored the court minute order. The court granted the motion to dismiss Testa's complaint and he has cross-appealed from that order of dismissal.

Testa then moved to dismiss appellant's counterclaim and appellants moved for leave to file a supplemental counterclaim and a third-party complaint.

The district court granted Testa's motion to dismiss appellants' counterclaim and the third-party complaint on the ground that the court had, by its order dismissing respondent's complaint, "ratified" the foreclosure sale of the property. Appellants appeal this order of dismissal, as well as the earlier denial of their motion for summary judgment.

## STANDING

Appellants suggest that the court erred in denying their motion for summary judgment. They claim that Testa is not a

real party in interest and that he lacks standing, either as a representative of the partnership, or in his individual capacity to bring the suit. We disagree.

A "real party in interest" under NRCP 17(a)[1] is one who possesses the right to enforce the claim and has a significant interest in the litigation. Painter v. Anderson, 96 Nev. 941, 620 P.2d 1254 (1980). The question of standing is similar; it also focuses on the party seeking adjudication rather than on the issues sought to be adjudicated. Harman v. City and County of San Francisco, 496 P.2d 1248, 1254 (Cal. 1972).

In the case at bar, Testa signed both the escrow and the note in his individual capacity. Although he signed the escrow instructions "as General Partner for CCN Investment Group" [which was not yet formed], he remained personally liable.

We find that Testa had the requisite interest required of a real party in interest. The court did not err in denying appellants' motion for summary judgment.

## DISMISSAL OF COMPLAINT

The court may dismiss a complaint for failure to prosecute or for violation of a court order. Moore v. Cherry, 90 Nev. 390, 393, 528 P.2d 1018, 1020 (1974). The district court had the power to order postponement of Testa's scheduled foreclosure sale in one of two ways. The moving party could have complied with the rules for an injunction, or secured the stipulation of the other party. As there was no effort to comply with the notice and motion requirements for an injunction, *see* NRCP 65, we must consider whether a valid stipulation existed.

A stipulation requires assent to its terms in order to be valid. Palmer v. City of Long Beach, 199 P.2d 952, 957 (Cal. 1948) and will be enforced if it is entered in the minutes of the court in the form of an order or is in writing and subscribed by the party against whom the stipulation is alleged. Casentini v.

---

[1]NRCP 17(a) provides in relevant part as follows:

Every action shall be prosecuted in the name of the real party in interest. . . . [A] party with whom or in whose name a contract has been made for the benefit of another . . . may sue in his own name without joining with him the party for whose benefit the action is brought. . . .

Hines, 97 Nev. 186, 625 P.2d 1174 (1981). *See* DCR 16;[2] EDCR 7.50.

The requirements of DCR 16 were not met in the instant case. The stipulation was not entered in the minutes. A notation that the sale is continued, not the stipulation itself, appears in the minutes. The affidavits of counsel regarding what occurred at the calendar call conference sharply conflict on material points. Compliance with DCR 16 avoids such difficulties. Under the record presented, it was error to dismiss the complaint.

## DISMISSAL OF COUNTERCLAIM

Appellants alleged in their slander of title counterclaim that respondent maliciously and wrongfully recorded the notice of *lis pendens,* and had contacted appellants' lenders concerning the *lis pendens* in order to prevent appellants from obtaining further financing.

Testa moved for dismissal of appellants' counterclaim solely on the ground that by granting appellants' motion to dismiss respondent's claim the court had "in effect ratified the foreclosure sale." The district court agreed. This was error.

## SUPPLEMENTAL COUNTERCLAIM AND THIRD-PARTY COMPLAINT

The district court stated no grounds for denying the motion for leave to file a supplemental counterclaim and third-party complaint other than the ratification of the foreclosure sale by dismissal of Testa's complaint. As we have rejected those grounds in reversing the court's order dismissing the appellant's counterclaim, the order denying their motion to file a supplemental counterclaim and third-party complaint must be reversed.

Further, NRCP 15(d) is intended to promote as complete an ajudication as possible by allowing the addition of claims that

---

[2]District Court Rule 16 provides:

No agreement or stipulation between the parties in a cause or their attorneys, in respect to proceedings therein, will be regarded unless the same shall, by consent, be entered in the minutes in the form of an order, or unless the same shall be in writing subscribed by the party against whom the same shall be alleged, or by his attorney.

arise after the initial pleadings have been filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1057 (9th Cir.), *cert. denied,* 103 S.Ct. 57 (1982).

The order denying summary judgment is affirmed. The remaining orders appealed from are reversed. The case is remanded for a trial on the merits.[3]

---

[3]Q. [By a member of the Court]: This seems fair, does it not counsel, just to resurrect the entire proceedings so that they (the parties) can have their day in court.

A. [By counsel for respondent]: Yes. I believe this is fair, your Honor. I am here to present my client's interest. . . . I know that we are willing to accept the decisions that have gone before the District Judge, but if that is not to be, we can have the whole case resurrected.