# IN THE SUPREME COURT OF THE STATE OF NEVADA

SOUTHERN NEVADA LABOR
MANAGEMENT COOPERATION
COMMITTEE, BY AND THROUGH ITS
TRUSTEES ELVA MELENDEZ, AN
INDIVIDUAL AND FRANCISCO DEL
RIO, AN INDIVIDUAL,
Appellants,
vs.
CLARK COUNTY SCHOOL DISTRICT;
AND CLARK COUNTY BOARD OF
SCHOOL TRUSTEES,
Respondents.

No. 65547

**FILED**

JAN 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a complaint for lack of standing. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

We review questions of standing and statutory construction de novo, *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011); *Citizens for Cold Springs v. City of Reno*, 125 Nev. 625, 629, 218 P.3d 847, 850 (2009), and must determine whether labor-management committees have standing to maintain a private action independent of the administrative process to enforce public bidding laws under NRS 338.143. We affirm.

On December 24, 2013, Southern Nevada Labor Management Cooperation Committee (LMCC) filed a complaint against Clark County

SUPREME COURT
OF
NEVADA

(O) 1947A

16-03039

School District (CCSD) for injunctive and declaratory relief.[1] LMCC alleged that CCSD violated provisions of NRS Chapter 338 by painting ten different schools without following public bidding or prevailing wage laws. Through an employment service, CCSD hired appellants Elva Melendez and Francisco Del Rio at an hourly rate of $16.13, instead of the prevailing wage, which ranges from $46.64 to $50.16. An LMCC compliance officer discovered the work CCSD was performing, which LMCC valued at over $100,000. Thereafter, LMCC filed suit against CCSD for failing to open the project for qualified bidders and to pay prevailing wages to workers, while also moving for a preliminary injunction. CCSD filed a countermotion to dismiss for lack of standing arguing that NRS Chapter 338 does not include a private cause of action, but is, instead, entrusted to the enforcement powers of the Labor Commissioner.[2] The district court agreed, and dismissed LMCC's complaint. On appeal, LMCC is only challenging the district court's dismissal for lack of standing under the public bidding requirements, not the prevailing wage laws.

---

[1]LMCC subsequently amended its complaint to include a writ of mandate and/or a writ of prohibition, and for payment of wages.

[2]Appellants filed a notice of supplemental authorities on December 30, 2015, attaching the final decision of the Labor Commissioner, which determined that CCSD violated public bidding and prevailing wage laws, and ordered CCSD to pay appellants Melendez and Del Rio $55,282.64 and $53,685, respectively. The Labor Commissioner also assessed a $20,000 administrative penalty against CCSD for its violation of public bidding laws and failure to investigate the violation. Appellants suggest this decision demonstrates "that the Labor Commissioner cannot protect the marketplace, due to her lack of injunction and writ powers, from an awarding body's anticompetitive conduct." This argument does not persuade us that the administrative remedy afforded to appellants was deficient enough for this court to reverse its standing jurisprudence.

The question of standing overlaps with the inquiry into whether a party is considered a real party in interest; both questions "focus[ ] on the party seeking adjudication rather than on the issues sought to be adjudicated." *Szilagyi v. Testa*, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983); *Arguello*, 127 Nev. at 368, 252 P.3d at 208. To qualify as a real party in interest under NRCP 17(a), one must possess the right to enforce a claim and have "a significant interest in the litigation." *Szilagyi*, 99 Nev. at 838, 673 P.2d at 498; *see also* NRCP 17(a). To decide if one has the right to enforce a claim—meaning a private cause of action exists—this court first looks at the plain language of the statute to determine if it expressly provides a private cause of action. *See Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 958, 194 P.3d 96, 100 (2008). If not, this court employs the *Baldonado* factors to determine if an implied private cause of action exists. *Id.* at 958-59, 194 P.3d at 101.

The *Baldonado* factors determine whether in the absence of clear, statutory language authorizing a private right of action, one may be implied. *Id.* at 958, 194 P.3d at 100. This court is guided by "the entire statutory scheme, reason, and public policy," *id.* at 958, 194 P.3d at 101, which translates into three factors: "(1) whether the plaintiffs are of the class for whose [e]special benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or to deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative scheme." *Id.* at 958-59, 194 P.3d at 101 (internal quotation marks omitted) (alteration in original) (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975) (setting out factors that determine whether an implied private right of action exists)).

Here, under the first *Baldonado* factor, LMCC is not a member of the class the statute was enacted to benefit, except to the extent the statute was intended to benefit taxpayers generally. *See Associated Builders & Contractors, Inc. v. S. Nev. Water Auth.*, 115 Nev. 151, 158, 979 P.2d 224, 229 (1999) ("The purpose of bidding is to secure competition, save public funds, and to guard against favoritism, improvidence and corruption. Such statutes are deemed to be for the benefit of the taxpayers and not the bidders, and are to be construed for the public good."); *Laborers' Int'l Union of N. Am., Local Union No. 169 v. Truckee Carson Irrigation Dist.*, Docket No. 60528 (Order of Affirmance, April 23, 2014) (concluding standing did not exist for union and subcontractor to challenge bidding laws based on "potential for employment" because it was "speculative, rather than [a] direct and substantial interest" and the "purported benefit" of union members receiving "future employment is beyond NRS 338.141's zone of interests"). In this case, LMCC never bid on the project, nor is it capable of bidding. LMCC does not represent contractors' interests that would be qualified to bid on the project had CCSD opened it up for public bidding. Rather, LMCC is claiming that it has been harmed because of potential employment and wages employees would have earned had their employer been awarded the public contract—a speculative interest this court has already rejected. *See id.*

Second, the legislative history under NRS 338.143 reveals an intention to deny a private remedy. *See* Hearing on S.B. 189 Before the Senate Governmental Affairs Comm., 75th Leg., at 23 (Nev., March 18, 2009) ("[T]here is no statutory recognized private cause of action. . . . There is not in NRS 338."). Moreover, "the absence of an

express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Baldonado*, 124 Nev. at 959, 194 P.3d at 101.

Finally, under the third factor of *Baldonado*, implying a private cause of action is inconsistent with the underlying purpose of NRS 338.143. This factor's analysis overlaps with the reasoning in the first factor because both discuss that the purpose of the bidding statutes is to protect the public. *See Associated Builders*, 115 Nev. at 158, 979 P.2d at 229. Therefore, implying a private cause of action into NRS 338.143 would not serve the underlying purpose of the bidding statutes, but would rather "encourage lengthy and expensive litigation between bidders and public entities. Such litigation could prove costly to public funds and would not serve the public good." *Richardson Constr., Inc. v. Clark Cty. Sch. Dist.*, 123 Nev. 61, 66, 156 P.3d 21, 24 (2007). Consequently, all three *Baldonado* factors weigh against implying a private cause of action into NRS 338.143.

Amicus curiae argue that *Associated Builders* implicitly grants standing to LMCC. *Associated Builders*, however, is distinguishable from this case for three reasons. First, in *Associated Builders*, American Asphalt was a licensed contractor that actually bid on the project, where, in this case, Melendez and Del Rio were painters and, thus, unable to bid on the project. 115 Nev. at 153, 979 P.2d at 226. Second, ABC, a national trade association, sued in conjunction with American Asphalt, which suffered harm and so had standing, along with two American Asphalt workers. *Id.* Here, on the other hand, LMCC is suing on behalf of Melendez and Del Rio as its trustees. Third, American Asphalt and ABC

challenged the use of Southern Nevada Water Authority's adoption of a project labor agreement as a matter of law. *Id.* In this case, however, LMCC is claiming harm from a violation of the competitive bidding laws and seeking injunctive relief. Instead of this court being able to address questions as a matter of law, as it did in *Associated Builders*, *id.* at 156, 979 P.2d at 227, LMCC would require this court to conduct a factual analysis of whether CCSD violated the competitive bidding laws and harmed LMCC. Therefore, *Associated Builders* does not grant an implicit holding of standing to LMCC.

Accordingly, as the district court did not err in dismissing LMCC's complaint for lack of standing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:  Hon. Elissa F. Cadish, District Judge
     Ara H. Shirinian, Settlement Judge
     Christensen James & Martin
     Kolesar & Leatham, Chtd.
     McCracken, Stemerman & Holsberry
     Eighth District Court Clerk