# IN THE SUPREME COURT OF THE STATE OF NEVADA

GONZALO I. GALINDO-MILAN, F/K/A
GONZALO I. GALINDO,
Appellant,
vs.
JULIE L. HAMMER; AND MARY
JOHANNA RASMUSSEN,
Respondents.

No. 74068

FILED

APR 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from district court orders dismissing a paternity and child custody action and denying NRCP 60(b) relief.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Appellant filed the underlying action in Nye County while a similar action regarding parentage and custody was already pending in Clark County. As such, the Nye County court entered an order dismissing the underlying action in deference to the Clark County action. Three years after that order was entered, appellant filed a motion for NRCP 60(b) relief from the order of dismissal, which the district court denied.

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted in this appeal.

19-16078

Having considered the parties' arguments and the record on appeal, we conclude the district court did not abuse its discretion in dismissing the underlying action, as the action in Clark County involved identical issues. *See Fitzharris v. Phillips*, 74 Nev. 371, 376-77, 333 P.2d 721, 724 (1958) (providing that when identical causes of action are pending, involving the same parties, a trial court may properly dismiss the second action), *abrogated on other grounds by Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000); *see also SAES Getters S.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002) (explaining that the first-to-file rule provides that "where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit"); *Inherent.com v. Martindale-Hubbel*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (providing that the two actions need not be identical, only substantially similar for the first-to-file rule to apply). While appellant argues that Nye County was the only court considering the paternity issue, this argument is belied by the record, which specifically notes that the Clark County matter addressed paternity. Thus, we affirm the district court's order dismissing the underlying matter.

Next, the district court did not abuse its discretion in denying appellant's NRCP 60(b) motion as it was untimely. *See Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (explaining that this court reviews the denial of an NRCP 60(b) motion for an abuse of discretion); *see also* NRCP 60(b) (2005) (requiring an NRCP 60(b) motion to "be made

Supreme Court
of
Nevada

(O) 1947A

2

within a reasonable time"). Thus, we affirm the district court's denial of appellant's NRCP 60(b) motion.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc:    Hon. Robert W. Lane, District Judge
      Gonzalo I. Galindo
      Black & LoBello
      Julie L. Hammer
      Nye County Clerk

---

[2]To the extent appellant asserts that the UCCJEA does not apply between counties, and only applies between states, and asserts that respondent Mary Rasmussen should not have been allowed access to sealed documents, we need not address these issues as appellant failed to raise them in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that "[a] point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal"). Additionally, to the extent appellant's arguments are not addressed herein, we conclude they do not warrant reversal.

In light of this order, we deny the motions filed on April 2, 2019.