IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE HOLDERS OF
THE FIRST FRANKLIN MORTGAGE
LOAN TRUST MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2005-FF9,
Respondent.

No. 75722



FILED

MAR 25 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.

Appellant first argues that respondent failed to demonstrate that it had standing to challenge the foreclosure sale. Respondent supported its summary judgment motion with a recorded assignment giving respondent the beneficial interest in the deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 522, 286 P.3d 249, 260 (2012) ("To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing."). The assignment gives respondent standing to challenge the sale so as to protect its beneficial interest in the deed of trust. *See Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986); *Szilagyi v. Testa*, 99

20-11409

Nev. 834, 838, 673 P.2d 495, 498 (1983). Reversal is therefore not warranted based on this argument.

Next, appellant argues that the district court erred in holding that the homeowner's partial payment cured the superpriority lien default. In *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev., Adv. Op. 8, ___ P.3d ___ (Mar. 5, 2020), this court held that payments made by a homeowner could cure the default on the superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property. Whether a homeowner's partial payments actually cure a superpriority default, however, depends upon the actions and intent of the parties and, if those cannot be determined, upon the district court's assessment of justice and equity. *See id.* at ___ (explaining that "[i]f neither the debtor nor the creditor makes a specific application of the payment, then it falls to the [district] court to determine how to apply the payment").

In this case, the district court correctly rejected appellant's argument that only the first deed of trust holder, not the homeowner, can cure a superpriority lien default. However, the district court erred in automatically concluding that the homeowner's payments cured the superpriority default without analyzing the intent of the parties and, if appropriate, the equities as discussed in *9352 Cranesbill*. While we recognize that the district court did not have the benefit of the *9352 Cranesbill* opinion when entering its decision in this matter, we still must

vacate the grant of summary judgment and remand this matter to the district court for further proceedings in line with that opinion.[1]

Based on the foregoing, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, C.J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc:   Hon. Gloria Sturman, District Judge
      Janet Trost, Settlement Judge
      Kim Gilbert Ebron
      Wright, Finlay & Zak, LLP/Las Vegas
      Eighth District Court Clerk

---

[1]Because appellant's purported status as a bona fide purchaser for value may be irrelevant on remand, we decline to address this issue further at this time. *See 9352 Cranesbill Tr.*, 136 Nev., Adv. Op. 8, ___ P.3d at ___ (declining to address bona-fide-purchaser status when issues regarding tender remained); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) (providing that a party's status as a bona fide purchaser "is irrelevant when a defect in the foreclosure proceeding renders the sale void," such as a valid tender). We have also previously rejected appellant's argument that a party has to record any tender for it to be effective, *see Bank of Am.*, 134 Nev. at 609-10, 427 P.3d at 119-20, and we decline to revisit that decision.