# IN THE SUPREME COURT OF THE STATE OF NEVADA

CENTENNIAL GATEWAY, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
HOME CONSIGNMENT CENTER, A
CALIFORNIA GENERAL
PARTNERSHIP; JOHNNY CROWELL,
AN INDIVIDUAL; CHRISTINE
CROWELL, AN INDIVIDUAL; JOHN
FONDNAZIO, AN INDIVIDUAL; AND
JAMECE FONDNAZIO, AN
INDIVIDUAL,
Respondents.

No. 75531

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

CENTENNIAL GATEWAY, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
HOME CONSIGNMENT CENTER, A
CALIFORNIA GENERAL
PARTNERSHIP; JOHNNY CROWELL,
AN INDIVIDUAL; CHRISTINE
CROWELL, AN INDIVIDUAL; JOHN
FONDNAZIO, AN INDIVIDUAL; AND
JAMECE FONDNAZIO, AN
INDIVIDUAL,
Respondents.

No. 78492

 

20-23450

| | |
|---|---|
| CENTENNIAL GATEWAY, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. HOME CONSIGNMENT CENTER, A CALIFORNIA GENERAL PARTNERSHIP; JOHNNY CROWELL, AN INDIVIDUAL; CHRISTINE CROWELL, AN INDIVIDUAL; JOHN FONDNAZIO, AN INDIVIDUAL; AND JAMECE FONDNAZIO, AN INDIVIDUAL, Respondents. | No. 79018 |

*ORDER OF AFFIRMANCE*

Consolidated appeals in a breach of contract action arising out of a commercial lease. Eighth Judicial District Court, Clark County; Susan Johnson, and James Crockett, Judges.[1]

Appellant Centennial Gateway, LLC (Centennial) entered into a commercial lease with respondent Home Consignment Center, LLC (HCC) whereby Centennial agreed to HCC changing its location in a shopping center owned by Centennial and to renovating the new space. Shortly after executing the lease, Centennial sold the shopping center and related leases, including HCC's, to a third party. When Centennial finished renovations, HCC refused to occupy the new space and attempted to terminate the lease. Centennial filed suit against HCC and its personal guarantors, respondents Johnny Crowell, Christine Crowell, John Fondnazio, and Jamece Fondnazio (the first action). In Docket No. 75531,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

Centennial appeals the district court's dismissal of the first action wherein it found that Centennial lacked standing to bring its claims. In Docket No. 79018, Centennial appeals the district court's award of attorney fees in the first action. During the pendency of the appeal in Docket No. 75531, Centennial filed an identical action against respondents in district court (the second action). Centennial appeals the district court's dismissal of the second action in Docket No. 78492.

*Docket No. 75531*

Centennial first challenges the district court's order dismissing its first action against respondents after finding that Centennial lacked standing to bring the action.[2] *See* NRCP 52(c) (allowing the district court in a bench trial to enter judgment on partial findings at the close of plaintiff's evidence). Centennial argues that the district court should have addressed whether Centennial was a real party in interest that could bring the underlying claims. We review de novo, *see Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) (reviewing issues related

---

[2]Centennial's argument that the district court could not address standing in its final order after previously finding HCC liable for breaching the lease in an order granting partial summary judgment fails. *See* NRCP 54(b) (providing that a court may revise an interlocutory order before the entry of final judgment). And respondents properly raised, and neither waived nor abandoned, their affirmative defenses challenging Centennial's standing and purported status as a real party in interest. *See* NRCP 8(c) (requiring a party to "affirmatively state any avoidance or affirmative defense" in its responsive pleading); *cf. State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 987, 103 P.3d 8, 18 (2004) ("An affirmative defense not pleaded in the answer is waived.")

to standing de novo), and disagree. Although the district court allowed Centennial to reopen its case-in-chief to introduce additional evidence to support its claimed status as the party entitled to enforce the lease and guarantees, Centennial failed to present any such evidence. Instead, the evidence showed that Centennial sold its rights in the lease to a non-party. And, although Centennial contends a second non-party later reassigned HCC's lease to Centennial, there was no evidence that the second non-party obtained the rights to the lease from the entity Centennial initially sold them to. Thus, we conclude that the district court did not err by dismissing Centennial's first action against respondents for lack of standing.[3] *See id.* at 368, 252 P.3d at 208 (concluding that a party who possesses the right to enforce a claim is "a real party in interest with standing to sue"); *see also Certified Fire Prot. Inc. v. Precision Constr. Inc.*, 128 Nev. 371, 377, 283 P.3d 250, 254 (2012) (declining to reverse a district court's order granting a Rule 52(c) motion "unless the judgment is clearly erroneous and not based on substantial evidence").[4]

---

[3]Given the lack of standing, we need not consider Centennial's challenge to the district court's denial of its motion for leave to amend its first amended complaint.

[4]No error arises from district court's refusal to take judicial notice of certain proposed evidence because Centennial did not provide the evidence to the district court. *See* NRS 47.150(2) (requiring a district court to take judicial notice when requested if "*supplied with the necessary information*") (emphasis added)).

We further conclude that the district court did not abuse its discretion in denying Centennial's post-judgment motion seeking reconsideration for three reasons. *See* NRCP 59(e) (permitting a party to file a motion to amend or alter a judgment); *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing a ruling on a motion for reconsideration pursuant to NRCP 59(e) for an abuse of discretion). First, because the district court properly dismissed Centennial's complaint due to a lack of standing, it did not abuse its discretion in denying the reconsideration motion. Second, the additional evidence submitted with Centennial's motion for reconsideration was neither newly discovered nor previously unavailable. *See AA Primo*, 126 Nev. at 582, 245 P.3d at 1193 (providing that reconsideration of a judgment may be warranted if newly discovered or previously unavailable evidence warrants it). And third, because Centennial's post-trial motion did not seek to have the real party in interest "ratify, join, or be substituted into the action," the district court did not err in declining to apply NRCP 17(a)(3) (requiring a reasonable opportunity "for the real party in interest to ratify, join, or be substituted into the action").

*Docket No. 79018*

Centennial next challenges the district court's award of attorney fees as a sanction. We review for an abuse of discretion, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330, 130 P.3d 1280, 1288 (2006) (explaining that this court will not overturn an award of attorney fees as a sanction absent a manifest abuse of discretion), and disagree. The record supports that Centennial knew of and concealed information showing its lack of standing to enforce the lease and guarantees until trial

began. *See* NRS 18.010(2)(b) (providing that a court may award attorney fees upon finding that a claim "was brought or maintained without reasonable ground"); *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 967-68, 194 P.3d 96, 106 (2008) (requiring the district court to "inquire into the actual circumstances of the case" when considering whether to award attorney fees pursuant to NRS 18.010(2)(b)); *see also Rosenberg Living Tr. v. MacDonald Highlands Realty, LLC*, 134 Nev. 570, 580-81, 427 P.3d 104, 113 (2018) (reviewing a district court's finding that a claim was unreasonably brought or maintained for credible evidence). Because the district court did not abuse its discretion in awarding the fees, it similarly did not abuse its discretion in denying Centennial's motion to reconsider that order. *See AA Primo Builders*, 126 Nev. at 589, 245 P.3d at 1197; *see also Masonry & Tile Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997) ("A district court may reconsider a previously decided issue if substantially different evidence is introduced or the decision is clearly erroneous.").

Centennial's jurisdictional challenge to the award also fails. NRS 18.010(2)(b) allows district courts to award attorney fees to a defendant based on a complaint's dismissal. *See Logan v. Abe*, 131 Nev. 260, 264, 350 P.3d 1139, 1141 (2015) (reviewing de novo a party's eligibility for a fee award pursuant to statute); *see also MB Am., Inc. v. Alaska Pac. Leasing*, 132 Nev. 78, 88-89, 367 P.3d 1286, 1292-93 (2016) (recognizing that dismissal of a plaintiff's complaint is "sufficient to find [a defendant is] a prevailing party . . . entitled to an award of attorney fees under NRS 18.010").

*Docket No. 78492*

Centennial also challenges the dismissal of the second action, arguing that Nevada law entitled it to refile its claims against respondents. Having considered the parties' arguments and the record on appeal, we conclude the district court did not err in dismissing the second action, as it involved identical claims and parties as the first action, which was pending on appeal with this court.[5] *See Fitzharris v. Phillips*, 74 Nev. 371, 376-77, 333 P.2d 721, 724 (1958) (providing that when identical causes of action involving the same parties are pending, a trial court may properly dismiss the second action), *abrogated on other grounds by Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000). Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.                    _____, J.
Hardesty                                         Cadish

---

[5]We also reject Centennial's argument that NRS 11.190(1)(b) allowed it to refile its claims against respondents because the first action had not resulted in a judgment on the merits. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38 (noting that a party is responsible for supporting its arguments with salient authority). Nor are we persuaded by Centennial's argument that NRS 11.500 warrants relief when Centennial filed the second action in the same district court as it filed the first action. *See* NRS 11.500 (allowing a party to recommence an action in a court having jurisdiction where a different court dismissed the same action for lack of subject matter jurisdiction).

cc: Hon. Susan Johnson, District Judge
Hon. James Crockett, District Judge
Kristine M. Kuzemka, Settlement Judge
Greene Infuso, LLP
Gordon & Rees Scully Mansukhani LLP
Lewis Roca Rothgerber Christie LLP/Las Vegas
Eighth District Court Clerk