# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CENTENNIAL GATEWAY, LLC, A NEVADA LIMITED LIABILITY COMPANY, <br> Appellant, <br> vs. <br> HOME CONSIGNMENT CENTER, A CALIFORNIA GENERAL PARTNERSHIP; JOHNNY CROWELL, AN INDIVIDUAL; CHRISTINE CROWELL, AN INDIVIDUAL; JOHN FONDNAZIO, AN INDIVIDUAL; AND JAMECE FONDNAZIO, AN INDIVIDUAL, <br> Respondents. | No. 75531 <br><br> FILED <br><br> NOV 24 2020 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |
| CENTENNIAL GATEWAY, LLC, A NEVADA LIMITED LIABILITY COMPANY, <br> Appellant, <br> vs. <br> HOME CONSIGNMENT CENTER, A CALIFORNIA GENERAL PARTNERSHIP; JOHNNY CROWELL, AN INDIVIDUAL; CHRISTINE CROWELL, AN INDIVIDUAL; JOHN FONDNAZIO, AN INDIVIDUAL; AND JAMECE FONDNAZIO, AN INDIVIDUAL, <br> Respondents. | No. 78492 ✓ |
| CENTENNIAL GATEWAY, LLC, A NEVADA LIMITED LIABILITY COMPANY, <br> Appellant, <br> vs. <br> HOME CONSIGNMENT CENTER, A CALIFORNIA GENERAL PARTNERSHIP; JOHNNY CROWELL, AN INDIVIDUAL; CHRISTINE CROWELL, AN INDIVIDUAL; JOHN FONDNAZIO, AN INDIVIDUAL; AND JAMECE FONDNAZIO, AN INDIVIDUAL, <br> Respondents. | No. 79018 |

20-42871

SUPREME COURT OF NEVADA

(O) 1947A

*ORDER AFFIRMING (DOCKET NO. 78492),*
*REVERSING (DOCKET NOS. 75531 AND 79018), AND REMANDING*

These are consolidated appeals in a breach of contract action arising out of a commercial lease. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant Centennial Gateway, LLC (Centennial) entered into a commercial lease with respondent Home Consignment Center, LLC (HCC) whereby Centennial agreed to HCC changing its location in a shopping center owned by Centennial and to renovating the new space. After executing the lease, Centennial assigned its rights to the HCC lease to a third party who later reassigned those rights back to Centennial. When Centennial finished renovations, HCC refused to occupy the new space and attempted to terminate the lease. Centennial filed suit against HCC and its personal guarantors, respondents Johnny Crowell, Christine Crowell, John Fondnazio, and Jamece Fondnazio (the first action). In Docket No. 75531, Centennial appeals the district court's dismissal of its action on the ground that Centennial lacked standing to bring its claims. Centennial also challenges the district court's order denying it leave to amend its complaint to allege fraud by HCC and its guarantors. In Docket No. 79018, Centennial appeals the district court's award of attorney fees in that action. During pendency of the appeal in Docket No. 75531, Centennial filed an identical action against respondents in district court (the second action). Centennial appeals the district court's dismissal of the second action in Docket No. 78492.[1]

In Docket No. 75531, Centennial first argues that it provided sufficient evidence of its standing as the real party in interest to bring the

---

[1]We previously affirmed the district court's orders but then granted Centennial Gateway's petition for rehearing.

 

action and thus the district court erred by dismissing the action. Reviewing de novo, we agree. *See Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) (reviewing issues related to standing de novo and acknowledging that "[t]he inquiry into whether a party is a real party in interest overlaps with the question of standing"); *see also* NRCP 52(c) (allowing the district court in a bench trial to enter judgment on partial findings at the close of the plaintiff's evidence); *Certified First Prot. Inc. v. Precision Constr. Inc.*, 128 Nev. 371, 377, 283 P.3d 250, 254 (2012) (providing that this court may reverse a district court's order granting an NRCP 52(c) motion where "the judgment is clearly erroneous and not based on substantial evidence" (internal quotation marks omitted)). Although Centennial entered into a purchase and sales agreement (PSA) stating its agreement to sell the shopping center and assign the related leases, including HCC's lease, to non-party Inland Real Estate Acquisitions, Inc. (Inland REA) or its assignee, no evidence showed that Centennial actually conveyed the shopping center or leases to Inland REA pursuant to the PSA. Instead, the evidence demonstrates that, as contemplated in the PSA, Centennial assigned its rights under the HCC lease to non-party Inland Diversified Las Vegas Centennial Gateway, who then reassigned those rights back to Centennial before Centennial brought the underlying action against respondents. Thus, the evidence adduced at trial established that Centennial had the requisite standing as the real party in interest. *See* NRCP 17(a)(1) (providing that every action "must be prosecuted in the name of the real party in interest"); *Szilagyi v. Testa*, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983) (explaining that "[a] 'real party in interest' under NRCP 17(a) is one who possesses the right to enforce the claim and has a significant interest in the litigation" (internal footnote omitted)).

Accordingly, we conclude that the district court erred in dismissing the first action.[2]

Centennial also argues that the district court abused its discretion by denying it leave to amend its complaint to add a claim for fraud against HCC and its guarantors. We disagree, as Centennial's proposed amended complaint did not meet the heightened pleading standard imposed by NRCP 9(b). *See* NRCP 9(b) (providing that a claim for fraud must "state with particularity the circumstances constituting fraud"); *Rocker v. KPMG LLP*, 122 Nev. 1185, 1192, 148 P.3d 703, 708 (2006) (requiring fraud claims to allege the "the time, the place, the identity of the parties involved, and the nature of the fraud" (internal quotation marks omitted)), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008); *see also Whealon v. Sterling*, 121 Nev. 662, 665, 119 P.3d 1241, 1244 (2005) (reviewing a district court's ruling on a motion for leave to amend for an abuse of discretion). And NRCP 15(a)'s liberal amendment standard cannot save Centennial's fraud claims that failed to meet NRCP 9(b)'s heightened pleading standards. *See Nutton v. Sunset Station, Inc.*, 131 Nev. 279, 285, 357 P.3d 966, 970 (Ct. App. 2015) ("NRCP 15(a) cannot be read in a vacuum; the rules of civil procedure must be read together.").

Finally, as Centennial acknowledged in its rehearing petition that it only needs to pursue its claims against respondents through one of the two district court actions addressed in these appeals, we affirm the dismissal order in Docket No. 78492. Furthermore, as the second action involved identical claims and parties as the first action which was pending

---

[2]Given our determination, we necessarily reverse the order at issue in Docket No. 79018 awarding HCC attorney fees as the prevailing party. *See* NRS 18.010(2) (allowing the district court to award attorney fees to a prevailing party in certain circumstances).

on appeal with this court, the district court did not err in dismissing the second action. *See Fitzharris v. Phillips*, 74 Nev. 371, 376-77, 333 P.2d 721, 724 (1958) (providing that when identical causes of action involving the same parties are pending, a trial court may properly dismiss the second action), *abrogated on other grounds by Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000). Based upon the foregoing, we

ORDER the judgments of the district court REVERSED in Docket Nos. 75531 and 79018 and AFFIRMED in Docket No. 78492 AND REMAND for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Susan Johnson, District Judge
       Kristine M. Kuzemka, Settlement Judge
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Greene Infuso, LLP
       Gordon & Rees Scully Mansukhani LLP
       Eighth District Court Clerk

